**C. Rex JEANS, Plaintiff-Appellant,**

v.

**Patricia Jane JEANS, Defendant-Respondent.**

No. 7552.

Springfield Court of Appeals.

Missouri.

April 9, 1957.

Stanley P. Clay, Emerson Foulke, Joplin, for appellant.

Ray E. Watson, Joplin, Charles E. Ruyle, Neosho, for respondent.

McDOWELL, Presiding Judge.

This appeal is from a judgment rendered in the Circuit Court of Newton County, Missouri, allowing defendant $2,000 in attorney fees and suit money in the sum of $750.

The record shows plaintiff and defendant were divorced in Newton County, March 2, 1954; that plaintiff was awarded care and custody of the three minor children and defendant awarded alimony in the sum of $1,000 payable April 1, 1954, $350 per

month, the first monthly payment being due May 1, 1954, and a like sum payable on the first of each month for the next 17 months; and. $250 a month thereafter payable on the first of each succeeding month.

A motion to modify original decree of divorce was filed by plaintiff October 20, 1955, asking for permission to remove custody of the minor children from Missouri to Oklahoma.

On January 12, 1956, defendant filed answer to plaintiff's motion to modify, opposing said modification, and a cross-bill to modify the original decree of divorce by changing custody of the minor children from plaintiff to the defendant and to further modify said decree by setting aside and vacating the order and decree awarding defendant alimony in monthly instalments of $250 and to enter judgment for alimony in gross or partial alimony in gross and instalments; and for a judgment and decree for money for support and maintenance of minor children.

On January 12, 1956, defendant filed a motion for suit money and attorney fees. This motion alleged that plaintiff had filed motion to modify the original decree of divorce in October, 1955; that defendant had filed answer and cross-motion objecting to the modification of said decree as requested by plaintiff and asking the court to modify said divorce decree by awarding custody of the minor children to her and by changing the decree awarding monthly alimony for her support to a decree awarding alimony in gross and for a judgment for support for the minor children.

This motion alleged that plaintiff is possessed of a large amount of real estate and personal property of the value in excess of $500,000; that $250 per month alimony awarded her in the decree, is insufficient for her support and that she has no other means of support and no money with which to pay the expenses of this litigation and for attorneys to represent her. The motion alleges that it will be necessary to make investigations in Oklahoma and to take depositions.

On March 13, 1956, interrogatories were filed by defendant which are now pending and unanswered. On March 22, 1956, plaintiff filed objections to the interrogatories. On April 21, 1956, plaintiff filed answer to defendant's motion for suit money and attorney fees. Prior to the hearing of the motion for suit money and attorney fees, plaintiff dismissed his motion to modify.

The answer alleged that the allegations in defendant's motion for attorney fees and suit money relating to alimony should not be allowed because the court has no jurisdiction to modify the decree as to alimony; that the divorce decree awarding defendant alimony for her support and maintenance was the result of contract between the parties, which was recognized by the court and does not represent a judgment which is subject to modification.

The answer denied that plaintiff is the owner of real and personal property as alleged and that his income is any greater than it was when the original decree was entered but does admit that plaintiff is able to pay reasonable attorney fees upon proof of the services to be rendered defendant for trial of the issues before the court.

Defendant testified that she lived in a rented house in Joplin, and pays a monthly rental of $50; that she is now receiving $250 per month alimony from plaintiff; that she has no other income from any source and that, after she pays her monthly bills, she has no money left.

She testified that she was requested by her attorneys for retainer fee in this action but was unable to pay the same; that she tried to raise the money but could not do so, either by borrowing or in any manner whatsoever. She testified that although she was in good health she was unable to find employment for the reason she was not qualified to hold a job.

Witness said she did not receive the $1,000 alimony mentioned in the decree or the $350 a month; that $75 of this amount went for payments on a car. When asked if she were unable to live on $250 a month, she testified "That's right".

As to the custody of the children, defendant testified that at the time of the divorce, she had no place to keep them and was unable to take custody thereof; that she now lived in an 8-room house and was amply able to care for them.

Defendant called plaintiff as a witness. He testified he was employed by Tri-State Warehousing and Distributing Company at a salary of $3,200 per month; that he owned 25% of the stock in said business, which was sold for $1,200,000; that he received approximately $300,000 for his stock subject to tax; that he owned a home in Joplin of the value of some $20,000 or $25,000, subject to mortgage, and since the sale of his stock had purchased some other real estate. He stated his net income for 1955 after the payment of taxes was about $7,300.

In our opinion we will refer to appellant as plaintiff and respondent as defendant, the position they occupied in the original divorce action.

On appeal it is first contended by plaintiff that the judgment is unsupported by evidence showing the time required, or of the kind and extent of services defendant's counsel would be required to prosecute her cross-motion. Secondly, it is contended that the record evidence shows the allowance to be excessive, arbitrary and unreasonable and the last contention is that defendant had sufficient income with which to support herself and to pay a reasonable attorney fee to prosecute her motion, and, under the law, is not entitled to an allowance for such expenses against plaintiff.

It is first urged upon this court that the burden of proof is upon defendant to offer evidence as to the nature and extent of the legal services required and that absent such evidence it was abuse of the trial court's discretion to make such a large allowance. Plaintiff asserts that the court in determining what a reasonable allowance of attorney fees is, must consider the character of the services to be rendered, the nature of the litigation, and the responsibility, professional skill and ability required to perform the services.

To sustain this contention Burtrum v. Burtrum, Mo.App., 210 S.W.2d 364, 373, is cited. In this case the court stated: "The remaining point for consideration in plaintiff's brief is that the court erred in allowing an inadequate sum for attorneys' fees." In this case the cause had been tried and the court awarded plaintiff an additional allowance of $1,900 for attorney fees for services in the preparation and trial of the case. The evidence showed that the trial lasted five days, was bitterly contested; that plaintiff was required to employ local counsel in taking depositions in other states; that counsel spent 12 days outside Kansas City taking depositions; and that both parties used unusual number of depositions and plaintiff was represented by two attorneys and defendant by three.

The court stated that the facts in reference to legal services rendered in behalf of plaintiff incident to and during the trial of the case was before the court and well known to the Judge at the time he fixed the attorney fees. The court then laid down this principle of law:

"The allowance made rested largely in the discretion of the trial judge and we are disposed to concur in the result reached by him, although it is apparent that the allowance was moderate in amount and conservative."

Of course the allowance of attorney fees in the above cause was based upon services already rendered.

Brinker v. Brinker, 360 Mo. 212, 227 S.W. 2d 724, 727, cited by plaintiff, stated:

"When a wife institutes an action of divorce and is without means to employ counsel, she is entitled to a reasonable allowance for attorney fees. * * * The amount of the allowance should be sufficient to prosecute the action, in an efficient manner, to a final hearing. Due regard should always be had to the character of the case, the legal services necessarily to be performed and the expense to be incurred, and such other circumstances which may tend to lessen or increase the expense of the litigation. Other than to ascertain if the action has been instituted in good faith, the court does not consider the merits of the case. Arnold v. Arnold, supra [Mo., 222 S.W. 996]; State ex rel. Gercke v. Seddon, 93 Mo. 520, 6 S.W. 342; Burtrum v. Burtrum, Mo.App., 210 S.W.2d 364; 17 Am.Jur., Divorce and Separation, § 564, pp. 448–449."

On page 728 of 227 S.W.2d of the opinion, the court makes this statement:

" * * * The record does not disclose any showing of the time required, and of the kind and extent of the services of plaintiff's counsel in preparing to sustain the allegations on the petition and in preparing to refute the allegations of defendant's cross bill. The record encompasses the testimony of the trial (proper) of the action for divorce in a transcription of seventeen typewritten pages, and plaintiff testified she had been down to the counsel's office 'quite a number of times'—this, even when considered in connection with the evidence relating to the financial condition of defendant, is indeed a meager showing upon which to determine if the trial court's award of a sum of $1900 in attorney fees (additional to a former award of $100) was in the proper exercise of discretion. It may well be that the preparation of plaintiff's case called for pre-trial conferences, for the taking of depositions,

and for the interviewing of numerous witnesses; if so, and if the evidence of such services were shown in the record, we would be in a better position to determine the propriety of the trial court's action in awarding additional fees. We are not in the situation as was the appellate court in the case of Burtrum v. Burtrum, supra, cited and relied upon by both appellant and respondent. But in that case the reviewing court was able to say the award of $1900 for 'additional' attorney fees was 'moderate in amount and conservative', (210 S.W.2d 373) but the transcript showed the large number of depositions used in the five-day trial of the bitterly contested case. * * *"

The court, however, held that "if plaintiff desired the court to fully consider fees and expenses in making the allowance, it was incumbent upon her to show the extent of the necessary services rendered or to be rendered by her counsel, and the expenses incident thereto, so that the trial court could make an award, at least in part, based on evidence of such services and expense, and so the appellate court could examine such evidence, in connection with other relevant circumstances, in gauging the propriety of the trial court's discretionary action."

We agree with plaintiff, in the instant case, that it was incumbent upon defendant, when asking for attorney fees and suit money, to show the extent of the necessary services to be rendered by her counsel, and expenses incident thereto, so that the trial court could make an award, at least in part, based on evidence of such services and expenses, and so the appellate court could examine such evidence, in connection with other relevant circumstances, in gauging the propriety of the trial court's discretionary action. We think the evidence was sufficient to entitle defendant to a reasonable allowance for suit money and attorney fees to prosecute her action. But we find that the evidence is insufficient from which the trial court could determine the

amount of such allowance and that it was an abuse of the trial court's discretion to allow a fee of $2,000 to defendant as attorney fees and $750 for suit money.

We find it unnecessary to pass upon plaintiff's second allegation of error.

Judgment reversed with directions that the trial court's allowance of attorney fees and suit money be set aside and a rehearing on the motion granted.

STONE and RUARK, JJ., concur.