**In re the Marriage of Ruth Susan TRAPANI, Respondent,**

v.

**Carmelo Mario TRAPANI, Appellant.**

**No. 48665.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 26, 1985.

Nicholas J. Riggio, St. Louis, for appellant.

John A. Turcotte, St. Louis, for respondent.

KAROHL, Judge.

Appellant husband appeals from a circuit court order that awarded respondent wife $3,500 on account for attorney fees on husband's appeal in dissolution case. Attorney fees were not awarded in the original decree.

On August 5, 1983 the marriage of appellant and respondent was dissolved. On November 14, 1983 appellant filed a notice of appeal challenging the circuit court's inclusion and division of certain assets of marital property. See 684 S.W.2d 500. On January 11, 1984 respondent filed a motion for attorney fees and costs for post-trial proceedings and on appeal. On January 31, 1984 respondent's motion was called, heard and submitted. No evidence was presented by either party and no transcript of the hearing was made.

On May 2, 1984 the circuit court ordered appellant to pay respondent $3,500 for attorney fees on account for the appeal and this appeal followed.

The issue on appeal is whether the trial court had sufficient evidence to award attorney fees on account for appeal when it denied attorney fees for services in the original trial and no evidence was presented in support of the motion.

Attorney fees may be awarded by the trial court after considering all relevant factors. § 452.355 RSMo 1978. The award is discretionary and reviewable only for abuse. *Nowels v. Nowels*, 637 S.W.2d 163, 166 (Mo.App.1982); *Kieffer v. Kieffer*, 590 S.W.2d 915, 919 (Mo.banc 1979). An appeal is a distinct stage in the proceeding for which attorney fees may be granted. The denial of attorney fees for the trial is not controlling. *Potter v. Desloge*, 625 S.W.2d 927, 930 (Mo.App.1981). Courts are themselves experts on the subject of attorney fees and this expertise extends to the value of appellate services. *Cascio v. Cascio*, 485 S.W.2d 857, 861 (Mo.App.1972).

Appellant argues that no evidence was presented to the trial court to support respondent's motion for attorney fees on appeal. He further contends that the trial court failed to consider all relevant factors in compliance with § 452.355 RSMo 1978 before it ordered the award and therefore abused its discretion.

It was encumbent upon respondent when asking for attorney fees on appeal "to show the extent of the necessary

services to be rendered by her counsel, and expenses instant thereto, so that the trial court could make an award, at least in part, based on evidence of such services and expenses, and so the appellate court could examine such evidence, in connection with other relevant circumstances, in gauging the propriety of the trial court's discretionary action." *Jeans v. Jeans*, 300 S.W.2d 870, 873 (Mo.App.1957). In conjunction with the respondent's burden to show the nature and extent of services yet to be rendered, the trial court may take judicial notice of the principal action in its determination of attorney fees on appeal. *Cascio*, 485 S.W.2d at 860, 861.

■ The factors to be considered are more than merely the economic circumstances of the parties. *See Kieffer*, 590 S.W.2d at 918. Taking into consideration all relevant factors, the trial court had before it all the evidence presented in the dissolution action and respondent's motion for attorney fees and costs to cover post-trial services and for the appeal. The motion was supported by an affidavit of respondent's counsel stating "the services that affiant will be required to perform in representing [respondent's] interests on [appellant's] appeal include a review of the trial transcript and legal file, legal research on the issues raised by [appellant], the drafting and preparation of an appellate brief and the preparation and presentation for oral argument ... the reasonable hourly rate for services provided by affiant on behalf of [respondent being] $75.00 per hour." At the hearing on respondent's motion appellant offered no evidence to rebut respondent's claim for attorney fees.

Applying the foregoing principles to the record facts we conclude that the trial court's award of attorney fees on account for appeal was not an abuse of discretion. The trial court is not limited to a consideration of the financial resources of the parties. *Kieffer*, 590 S.W.2d at 918.

Judgment affirmed.

PUDLOWSKI, P.J., and GAERTNER, J., concur.