Kayla Ray POSEY, Appellant,

v.

Vernis Wayne POSEY, Respondent.

No. 21242.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 28, 1997.

Timothy J. Corrigan, Springfield, for appellant.

Richard L. Schnake, Neale & Newman, L.L.P., Springfield, for respondent.

PARRISH, Presiding Judge.

This is an appeal of a judgment rendered by the Circuit Court of Webster County, Missouri, in an action for dissolution of marriage. The issues tried included custody of two minor children. The parties were awarded joint physical custody. The custody schedule placed physical custody with Vernis Wayne Posey (husband) most of the time.

Kayla Ray Posey (wife) appeals contending the trial court erred in awarding "primary physical custody" to husband. She argues the custody order's allocation of time when the children reside with each parent or under their supervision was contrary to the children's best interests. She further contends the trial court erred in not making specific findings of fact in support of its custody order; that specific findings were required by §§ 452.375.2(5) and 452.375.12, RSMo Supp.1995.

■ Wife testified at trial that husband physically abused her during their marriage. He denied that the events she described occurred. Wife, in claiming the trial court was required to make specific findings of fact, relies on *Gant v. Gant*, 892 S.W.2d 342 (Mo.App.1995). That reliance is misplaced in that here, as in the later case of *Kinder v. Kinder*, 922 S.W.2d 398 (Mo.App.1996), "the record does not reflect irrefuted evidence of domestic violence conduct." 922 S.W.2d at 401. As *Kinder* explains, "Without more, the trial court was not required to enter written findings regarding domestic violence." *Id.*

■ With respect to the trial court's custody schedule, the trial court has broad discretion in determining child custody. *P.L.W. v. T.R.W.*, 890 S.W.2d 688, 690 (Mo.App.1994). Greater deference is accorded a trial court's decision in custody cases than in other types of cases. *Breckner v. Coble*, 921 S.W.2d 624, 626 (Mo.App.1996); *Johnson v. Johnson*, 839 S.W.2d 714, 717 (Mo.App.1992). The evidence affords a sufficient basis for making husband the primary custodian of the children. It supports the custody schedule the trial court ordered.

This being a non-jury case, the judgment of the trial court is reviewed in accordance with Rule 73.01(c). The judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. Further opinion would have no precedential value. The judgment is af-

firmed in compliance with Rule 84.16(b)(1) and (5).

MONTGOMERY, C.J., and BARNEY, J., concur.