Carla Kay COURTNEY, Appellant,

v.

Bill M. COURTNEY, Respondent.

No. 21614.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 9, 1998.

Robert R. Parrish, Parrish, Jacobs & Riesenmy, Joplin, for appellant.

No appearance for respondent.

PARRISH, Presiding Judge.

Carla Kay Courtney appeals the child custody provision of a judgment of dissolution of

marriage. The trial court awarded joint legal and physical custody of the parties' child. Respondent was made primary physical custodian. The child, a girl, was almost 10 years old at the time the custody order was entered. Her date of birth is May 15, 1987.

Appellant was given "reasonable right of visitation." This included "[m]inimum visitation" consisting of "First, Third and Fifth weekends of each month"; alternating holidays—the applicable holidays were specified; mother's day; and "summer vacation beginning one week after the conclusion of the child's school term and end [sic] one week before the child's school term starts in the fall."

Appellant's brief sets forth two "points relied on." Both are identical. They state:

This court must reverse the trial court's granting of physical custody to the respondent, as it is clearly against the weight of the evidence regarding the best interests of the child.

■ Appellant's "points relied on" are not drafted in compliance with Rule 84.04(d). The trial court actions about which appellant complains are not identified. The points do not state "wherein" the evidence that was before the trial court disclosed the best interests of the child were not supported by the custody award that was entered. *See Thomas v. Smithson,* 886 S.W.2d 951, 952 (Mo. App.1994). Consequently, nothing has been preserved for this court to review. *McGuire v. McGuire,* 637 S.W.2d 816 (Mo.App.1982).

■ "Notwithstanding that failure, this court may, in its discretion, 'look to the argument portion of the brief ... for the purpose of determining whether there has been plain error affecting substantial rights which, though not properly preserved, may have resulted in a manifest injustice or a miscarriage of justice.'" *Smith v. Gregg,* 946 S.W.2d 807, 811 (Mo.App.1997), *quoting Hoffman v. Koehler,* 757 S.W.2d 289, 292 (Mo. App.1988).

■ The argument that follows "point I" complains that no findings of fact were made in accordance with § 452.375.12.[1] It argues that this was required because respondent was awarded custody of the child; that he had committed acts of domestic violence.

Appellant relies on *Gant v. Gant,* 892 S.W.2d 342 (Mo.App.1995), as support for the argument that the trial court was required to make findings of fact with respect to the child custody and child visitation that was ordered. That reliance is misplaced. The record in this case does not reflect irrefutable evidence of conduct that could be deemed domestic violence. In fact, during cross-examination of appellant, she recanted certain of her allegations.

The evidence in this case is akin to the evidence in *Posey v. Posey,* 950 S.W.2d 334 (Mo.App.1997), and *Kinder v. Kinder,* 922 S.W.2d 398 (Mo.App.1996). The record did not compel a finding that domestic violence occurred. The trial court was not required to make specific findings of fact with respect to child custody or visitation on the basis of § 452.375.12.

The argument that follows "point II" asserts the trial court's custody findings "are in conflict with a clear preponderance of the evidence." As support for that argument, appellant points to certain statements in the text of psychological reports on which she relied at trial.

■ The fact that there was evidence supportive of appellant's position does not render the trial court's determinations erroneous. In considering appeals of custody orders, this court presumes that the trial court studied all the evidence and decided the custody issue in a manner consistent with the best interests of the child. *Breckner v. Coble,* 921 S.W.2d 624, 626 (Mo.App.1996).

■ This court has reviewed the transcript of the testimony given before the trial court. There was substantial evidence supporting the trial court's custody order, not

---

1. References to statutes are to RSMo Supp.1995. § 452.375.12 provides, "If the court finds that domestic violence has occurred, the court shall make specific findings of fact to show that the custody or visitation arrangement ordered by the court best protects the child and the parent or other family or household member who is the victim of domestic violence from any further harm."

the least of which was appellant's long history of preventing or making difficult respondent's exercise of visitation with his daughter. "A parent's history of denying the other parent meaningful contact with a child may be considered in determining the child's physical placement." *Rinehart v. Rinehart,* 877 S.W.2d 205, 208–09 (Mo.App.1994).

This court's gratuitous review of appellant's arguments discloses no manifest injustice of miscarriage of justice. There was no plain error. The judgment is affirmed.

MONTGOMERY, C.J., and SHRUM, J., concur.

---

1. References to statutes are to RSMo 1994.