**Michael COOLEY, Respondent,**

v.

**Brenda COOLEY, Appellant.**

**No. WD 60943.**

Missouri Court of Appeals, Western District.

March 18, 2003.

Michael William Walker, Kansas City, for Appellant.

Scott L. Campbell, Platte City, for Respondent.

PAUL M. SPINDEN, Judge.

Brenda Cooley appeals the circuit court's judgment dissolving her marriage to Michael E. Cooley. In particular, she appeals the circuit court's awarding sole physical custody of their daughter to Michael Cooley. The circuit court awarded joint legal custody of the child to both parents but awarded sole physical custody to Michael Cooley. Brenda Cooley contends that the circuit court's judgment was deficient because it did not include findings regarding domestic violence as required by § 452.375.13, RSMo 2000. We agree.

Although Michael Cooley said that he felt "horrible" about it, that he "could not believe [he] did it," and that he wished that he could "take it back," he admitted that during a heated argument he hit Brenda Cooley in the chest. Michael Cooley said that he could not recall whether he used a closed fist to hit her, but Brenda Cooley testified that his fist was closed and that he punched her in the chest and knocked her back. She said she was "shocked, scared and crying." She also said that her "chest bone" burned for two days after he hit her. Both Michael Cooley and Brenda Cooley testified that he had never struck her before or after this incident.

Brenda Cooley argues that the circuit court's judgment was fatally deficient because it did not include specific findings regarding domestic violence. She contends that, because the evidence established an incident of domestic violence during the marriage, the circuit court was required to issue specific findings regarding the domestic violence pursuant to § 452.375.13. This statute says:

> If the court finds that domestic violence or abuse, as defined in sections 455.010 and 455.501, RSMo, has occurred, the court shall make specific findings of fact to show that the custody or visitation arrangement ordered by the court best protects the child and the parent or other family or household member who is the victim of domestic violence or abuse, as defined in sections 455.010 and 455.501, RSMo, from any further harm.

Although § 452.375 does not define "domestic violence,"[1] the courts have looked to § 452.400.1, RSMo 2000, for the definition. *Mund v. Mund*, 7 S.W.3d 401, 404 (Mo. banc 1999); *Gant v. Gant*, 892 S.W.2d 342, 345 (Mo.App.1995). Section 452.400.1 says that, in determining visitation rights, the court shall consider domestic violence and consider "the parent's history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault on other persons[.]"[2]

The circuit court did not make any finding regarding domestic violence. The record indicates that neither party requested specific findings. According to Rule 73.01, if the circuit court does not make explicit findings, we can presume that the circuit court made implicit findings in accordance with the result reached. *Mund*, 7 S.W.3d at 403. We, therefore, can presume that the circuit court found that no domestic violence occurred, and we now review that conclusion to determine whether it was supported by substantial evidence. *Id.*; *Bedwell v. Bedwell*, 51 S.W.3d 39, 41 (Mo. App.2001).

█ Based on the record in this case, for purposes of § 452.375.13, we cannot presume that the circuit court made implicit findings that no domestic violence occurred. Michael Cooley admitted that he hit Brenda Cooley in her chest. "A finding that no domestic violence occurred would be against the weight of the evi-

1. Section 452.375.13 refers to §§ 455.010 and 455.501 for the definition of abuse. These statutes, however, do not define domestic violence.

2. Interestingly, § 452.400.1, which concerns visitation rights, says that the circuit court, "if requested by a party, shall make specific findings of fact to show that the visitation arrangements made by the court best protect the child or the parent or other family or household member who is the victim of domestic violence from any further harm." However, § 452.375.13, which concerns custody determinations, requires the court to make such findings, whether requested by the parties or not, if the circuit court determines that domestic violence occurred.

dence." *Mund,* 7 S.W.3d at 403.[3] We cannot presume from the circuit court's silence that it found that no domestic violence occurred.

█ The circuit court, therefore, was required to make a finding of whether domestic violence occurred, and, if it found that domestic violence occurred, it was required to make "specific findings of fact" to show that the custody or visitation arrangement ordered by the court "best protects the child and the parent or other family or household member who is the victim of domestic violence ... from any further harm." Section 452.375.13. "Section 452.375.13 mandates such findings if *any* domestic violence occurred, whether or not it is a pattern of conduct." *Dickerson v. Dickerson,* 55 S.W.3d 867, 872 (Mo. App.2001) (emphasis in the original). That the incident in this case was a one-time occurrence, therefore, makes no difference. If the record reflects evidence of domestic violence, the circuit court must make written findings as required by § 452.375.13.

While we have no doubt that the circuit court considered the evidence and made its custody determination with the child's best interests in mind, we feel constrained by § 452.375.13 to remand so the circuit court can make determinations that satisfy the statute. If the court determines that domestic violence occurred, it shall make specific findings showing that its custody and visitation orders best protect the child and Brenda Cooley from further harm. We are confident that the record is sufficient to make these determinations without receiving additional evidence, but the circuit court is free to do so if it deems additional evidence is needed. *See Carter v. Carter,* 940 S.W.2d 12, 16 (Mo.App. 1997).

We, therefore, reverse the circuit court's judgment and remand so it can enter findings relating to domestic violence and the determination of custody.[4]

RONALD R. HOLLIGER, Presiding Judge, and JAMES M. SMART, Jr., Judge, concur.

---

3. Michael Cooley relies on *Courtney v. Courtney,* 959 S.W.2d 124 (Mo.App.1998); *Posey v. Posey,* 950 S.W.2d 334 (Mo.App.1997); and *Kinder v. Kinder,* 922 S.W.2d 398 (Mo.App. 1996), in support of his contention that the circuit court was not required to enter written findings regarding domestic abuse unless the record reflected "irrefuted evidence of domestic violence." In *Mund,* the Supreme Court noted, "[I]rrefuted evidence is not the standard; the judgment will be set aside if it is against the weight of the evidence." 7 S.W.3d at 404. Moreover, the evidence in this case was not irrefuted given Michael Cooley's admission that he hit Brenda Cooley in the chest.

4. Because we reach this conclusion, we need not decide Brenda Cooley's remaining contentions on appeal.