Ronald A. COPELAND, Plaintiff–
Appellant,

v.

Karen Y. COPELAND, Defendant–
Respondent.

Nos. 24988, 25202.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 9, 2003.

Mark A. Richardson, Mark A. Richardson, P.C., Jefferson City, for appellant.

Edward C. Clausen, Carson & Coil, P.C., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

In No. 24988, Ronald A. Copeland (husband) appeals the parts of a dissolution of marriage judgment that divided marital property, awarded child custody, and ordered him to pay attorney fees for Karen Y. Copeland (wife). In No. 25202, husband appeals an order that he pay attorney fees of wife for this appeal. This court consolidated the appeals. This court affirms No. 24988 in part and remands with directions. No. 25202 is affirmed.

Husband and wife married July 17, 1993. They have two sons who were ages five and two at the time of trial. Husband is a member of the Missouri State Highway Patrol. Wife is a teacher. Wife discontinued teaching when the parties' second child was born. After she stopped teaching, she worked part-time as an educator for the Parents as Teachers program. Wife also operated a product display route the parties owned during the time of their separation. Husband described the business as a route of displays that sold "[p]eanuts, beef jerky, and cashews. Things like that." Husband and wife maintained an inventory of those products. Wife periodically restocked the displays of those products. At the time of trial, in April 2002, wife planned on teaching summer school the following June and had a contract to teach full-time the following school year.

The trial court dissolved the marriage, divided marital property, ordered each party to pay specific debt, and awarded husband and wife joint legal custody of the children. Wife was designated primary physical custodian of the children. Husband was ordered to pay child support to wife and to pay attorney fees of $6,000. After husband filed his notice of appeal in No. 24988, wife sought additional attorney fees for the appeal. The trial court granted wife's motion for additional attorney fees and ordered husband to pay wife an additional amount of $6,500.

■ This case was tried pursuant to Rule 84.13. Appellate review is undertaken as prescribed by Rule 84.13(d). "The judgment will be affirmed unless it is against the weight of the evidence, there is insufficient evidence to support it, or it erroneously declares or applies the law." *Garner v. Hubbs,* 17 S.W.3d 922, 926 (Mo. App.2000).

Husband's first point on appeal argues that the trial court erred in making its division of marital property; that the division of marital property was inequitable. Husband contends the distribution of 56 percent of marital property to wife and 44 percent to him was heavily and unduly weighted in wife's favor.

■ The trial court did not state a valuation in the text of its judgment of the items of marital property awarded the respective parties. The judgment identified the various items of marital property awarded each party and denoted an amended statement of marital and non-marital property admitted in evidence at the request of wife as "Court's Exhibit 3." The judgment states "the description of said property, the values of same, and the party in possession of the assets identified therein are adopted herein as modified by this Judgment." This procedure is not one this court would recommend.

This court's calculation of the relative net amounts of marital property, i.e., the value of property awarded each party less the debt that party is directed to pay, awarded each party indicates husband received a slightly larger percentage of net marital property than wife. However, wife has not disputed husband's claim that the marital property was divided 56 percent to

wife and 44 percent to husband. That amount will, therefore, be accepted for purposes of addressing the issues raised by husband.

■ "Disproportionate divisions of marital property are routinely affirmed." *Griffin v. Griffin,* 986 S.W.2d 534, 536 (Mo. App.1999).[1] A division of marital property of substantially the same respective values as husband represents was made in this case was upheld in *Morris v. Morris,* 951 S.W.2d 739, 741 (Mo.App.1997). In *Morris,* as here, the spouse that received the higher proportion of the marital property was custodian of the child of the parties. (Here there are two children.) The Western District of this court concluded the division of marital property was not so disproportionate to amount to an abuse of discretion.

Further opinion with respect to the trial court's division of marital property would have no precedential value. The trial court's distribution of marital property is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. The part of the judgment dividing marital property is affirmed in compliance with Rule 84.16(b)(1) and (5). Point I is denied.

Point II charges the trial court with error in ordering husband to pay $12,500 for wife's attorney fees. Husband argues that award "was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." Husband complains that wife used $3,500 from joint savings to retain her attorney and, at the time he was ordered to pay $6,500 for attorney fees on appeal, the parties "were earning equal salaries."

■ Section 452.355.1[2] authorizes an award of attorney fees to a party for maintaining or defending a dissolution of marriage action. *See In re Marriage of Crow & Gilmore,* 103 S.W.3d 778, 783 (Mo. banc 2003). The authorization to allow attorney fees includes attorney fees for services on appeal. *Meierer v. Meierer,* 876 S.W.2d 36, 37 (Mo.App.1994).

"The trial court is vested with broad discretion in ordering payment of attorney fees and said award is reviewable only for an abuse of discretion." *Harrison v. Harrison,* 871 S.W.2d 644, 647 (Mo.App.1994). A trial court abuses its discretion when an award is clearly against the logic of the circumstances and is so arbitrary and unreasonable that it shocks one's sense of justice. *Lamont v. Lamont,* 922 S.W.2d 81, 86 (Mo.App.1996).

*Francka v. Francka,* 951 S.W.2d 685, 696–97 (Mo.App.1997).

■ "The trial court is considered an expert on the necessity, reasonableness, and value of an attorney's services." *Kaminsky v. Kaminsky,* 29 S.W.3d 388, 390 (Mo.App.2000). Here the trial court was well aware of all aspects of the proceeding through trial, and after trial conducted a hearing on wife's request for additional attorney fees to pursue the appeal generated by husband. Looking first to the fees allowed through trial, this court finds no abuse of discretion with respect to the trial

---

**1.** In his argument in support of Point I, husband included complaints that the amount of wife's attorney fees he was ordered to pay should be considered as well as the fact that her teacher retirement fund could not be treated as marital property. *See* § 169.572, RSMo 2000, regarding teacher retirement funds. The issue of wife's attorney fees is discussed with respect to Point II. "[I]n the case of teacher pension benefits, the court is not permitted to consider the retirement account in such a manner as to 'materially impact' the division of property." *Bohon v. Bohon,* 102 S.W.3d 107, 110 (Mo.App.2003).

**2.** References to statutes are to RSMo 2000.

court ordering husband to pay wife's attorney fees or with respect to the amount of attorney fees allowed notwithstanding husband's complaint that wife initially withdrew $3,500 from a joint savings account to apply to payment of attorney fees.[3]

After trial and after husband filed the appeal of the dissolution judgment, wife filed a "Motion for Attorney's Fees and Expenses on Appeal." It asserted she was without adequate funds to defend the appeal; that the estimated cost for the appeal was $6,500. She sought an award of that amount. The trial court, following a hearing, granted wife's request.

Wife testified at the hearing. She testified she had incurred additional attorney fees since the dissolution trial with respect to her efforts to obtain conveyances and other documents related to the property she had been awarded. She stated her attorney had estimated the cost of the appeal would be approximately $6,500. Wife stated she did not have funds sufficient to pay the attorney fees. On cross-examination, wife stated she had begun a teaching job the preceding August—the hearing date was September 13, 2002; that she had received her first check in August.[4] Prior to the dissolution of the parties' marriage, husband and wife made the decision for wife not to work full-time outside the home; that wife would stay home with their two children. During that time, wife ran the product sales route the parties maintained. Her gross monthly income for that had been $350.

Prior to the dissolution of marriage, husband worked full-time as a sergeant with the Highway Patrol and part-time for a hardware and lumber store. His gross monthly income was $3,861.22.

A party seeking attorney fees on appeal should show the extent of the necessary services expected to be rendered by her attorney and anticipated expenses related thereto. *Trapani v. Trapani*, 686 S.W.2d 877, 878–79 (Mo.App.1985). A trial court may base an award at least in part on that evidence. *Id.* at 879. This permits an appellate court to examine such evidence, in connection with other relevant circumstances, in gauging the propriety of the trial court's discretionary action. *Id.* citing *Jeans v. Jeans*, 300 S.W.2d 870, 873 (Mo.App.1957). The parties' relative economic circumstances are considered in reviewing attorney fees as well as other relevant factors. *Id.*

Here, husband and wife made approximately the same salaries. However, wife had just started her job, having not been employed outside the home during the latter days of the parties' marriage. The dissolution proceeding wife was called upon to defend was initiated by husband. Wife had not sought temporary maintenance or permanent maintenance. Wife had been out of the job market for almost three years based on the joint decision of the parties. This court finds no abuse of discretion by the trial court's award of the sum allowed for attorney fees for the circuit court proceedings or the additional funds awarded to permit wife to defend the appeal brought by husband. Point II is denied.

Points III and IV are directed to child custody and child support issues. Point III contends the trial court erred in limiting husband's overnight visitation with the children to eight overnights per month and

---

**3.** Wife's testimony was that she "took out [her] half" of the parties' savings; that she applied it to the retainer charged by her attorney.

**4.** Wife was to be paid $40,000 per year for the teaching job she had started.

in not making findings concerning domestic violence.

The judgment provides that "[t]he parties shall share the legal custody of the minor children with [wife] as their primary physical custodian as set out in Court's Exhibit 2 titled 'Parenting Plan'". The custody arrangements for husband are:

2. *School Year Weekly Schedule:* [Husband] shall have the children every other weekend from 5:00 p.m. Friday until 6:00 p.m. Sunday. Commencing May 3, 2002, [husband] shall have the children Thursday each week from 5:00 p.m. until 8:00 a.m. Friday morning. [Husband] shall give [wife] at least one week's notice if he does not intend to exercise any specific period of visitation set out in this Parenting Plan. Additionally, in the event that [husband] is unable to exercise visitation as set out above because he is on "special assignment", excluding his regular monthly work or "on call" schedule, [husband] and [wife] will cooperate to schedule make up visitation.

3. *Summer Schedule:* [Husband] shall have the children for the first two weeks of June, July and August.

Other custody arrangements were made for holiday and school break periods.

Husband complains that this limited him to "eight overnights per month" whereas he had been having the children for "twelve overnights per month" prior to the dissolution.[5] He further complains that the trial court erred in failing to make findings concerning domestic violence. The latter complaint in Point III relates to requirements imposed by § 452.375.13 that provides:

If the court finds that domestic violence or abuse, as defined in sections 455.010 and 455.501, RSMo, has occurred, the court shall make specific findings of fact to show that the custody or visitation arrangement ordered by the court best protects the child and the parent or other family or household member who is the victim of domestic violence or abuse, as defined in sections 455.010 and 455.501, RSMo, from any further harm.

Sections 455.010 and 455.501 define "abuse" as "any physical injury, sexual abuse, or emotional abuse inflicted on a child other than by accidental means by an adult household member, or stalking of a child," or "the occurrence of any of the following acts, attempts or threats against a person": assault, battery, coercion or harassment. §§ 455.010(1) and 455.501(1). Section 452.375 does not define "domestic violence." The Western District of this court, however, has held that the meaning of "domestic violence," for purposes of § 452.375.13, may be gleaned from § 452.400. *Dickerson v. Dickerson,* 55 S.W.3d 867, 872 (Mo.App.2001). Section 452.400.1 states that in determining visitation rights, a court shall consider the parent's history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault on the other person.

Wife stated in her testimony that she slapped husband on an occasion during the parties' separation. She said she did not think the incident occurred in the presence of the children but that the children had come to husband crying after she struck him. She stated she did not think one of the children had been in husband's arms when this occurred; then suggested,

5. This court is uncertain how father calculated the custody he was granted in determining it amounted to "eight overnights per month." Possibly, he considered the every other weekend custody as four nights per month and the Thursday night periods to be and additional four nights per month.

"He [the child] might have been. I don't even—I don't remember if he was or not." Wife said she later apologized to husband for the incident.

A similar incident happened between the parties in *Cooley v. Cooley*, 99 S.W.3d 518 (Mo.App.2003). *Cooley* held that the circuit court erred in failing to make a finding of whether domestic violence occurred; that "it was required to make 'specific findings of fact' to show that the custody or visitation arrangement ordered by the court 'best protects the child and the parent or other family or household member who is the victim of domestic violence … from any further harm.'" *Id.* at 520. The court added that the fact the incident was a one-time occurrence made no difference; that "[i]f the record reflects evidence of domestic violence, the circuit court must make written findings as required by § 452.375.13." *Id.*

As in *Cooley*, notwithstanding this court's belief that the trial court considered the evidence and made its custody determination in this case with the children's best interests in mind, this court is constrained to remand for the trial court to make determinations that will comply with requirements of § 452.375.13.

Absent the trial court concluding on remand that the findings required by § 452.375.13 warrant changes to the custody plan heretofore adopted, this court discerns no error in the allocation of periods of custody of the children established by the parenting plan that is part of the judgment previously entered. Point III is granted with respect to its claim of error in not making findings required by § 452.375.13. It is otherwise denied. The case will be remanded for the purpose discussed with respect to Point III.

■ Point IV claims the trial court erred in determining presumed child support because an incorrect monthly income was used for father. Point IV complains the amount of monthly income for father included part-time employment from a job father intended to quit after the divorce. At the time of the trial of this action, husband was working at the part-time job in question. His testimony with respect to his intentions regarding his part-time job was somewhat equivocal. Husband was asked the following question and gave the following answer:

Q. Now what is [sic] your plans with regard to that work continuing or discontinuing?

A. Well, I plan on—if I'm granted visitation rights or whatnot, I plan on quitting and spending my time with them. Because my schedule won't allow me to work that job and spending time with my kids. So I would probably not work there. I might work there occasionally, but not near as much as I do now.

The trial court did not err in calculating husband's gross monthly income based on the earnings he was receiving at the time of trial. Point IV is denied.

In appeal No. 24988, the case is remanded for the trial court to make findings required by § 452.375.13. If the trial court determines, with respect to the basis for those findings, that changes should be made to the custody previously granted, it may, in its sound discretion, make such changes. In all other respects, the judgment in No. 24988 is affirmed. In No. 25202, the judgment is affirmed.

SHRUM, J., and RAHMEYER, C.J., concur.