**Shane M. GRANGER, Respondent,**

v.

**Tina M. GRANGER, Appellant.**

No. 27852.

Missouri Court of Appeals,
Southern District,
Division II.

April 3, 2007.

Lisa Livingston–Martin, Joplin, for appellant.

Greg R. Bridges, Asst. Atty. Gen., Neosho, for respondent.

ROBERT S. BARNEY, Judge.

Appellant, Tina M. Granger ("Wife"), appeals from the trial court's "Findings of Fact and Conclusions of Law, Judgment and Order of Dissolution of Marriage" dated March 31, 2006, ("the Judgment") which dissolved her marriage to Respondent, Shane M. Granger ("Husband"), and set out custody, visitation and child support directives relating to the parties' minor child. Wife raises three points on appeal.[1] As elements of Points I and II necessitate reversal and remand for purposes of the entry of certain findings of facts and conclusions of law in aid of appellate review, we need not address the remaining issues.[2]

---

1. Wife filed her motion to amend the judgment pursuant to Rule 78.07, Missouri Court Rules (2006), on April 7, 2006.

2. We observe that the trial in this matter was held on June 4, 2004, and the matter was taken under advisement at that time. Over a year later, on July 8, 2005, Wife filed a motion for post-trial hearing to reopen the evidence "to resolve any outstanding issues" and address other issues which had arisen in the twelve months after trial because the trial court had not yet rendered a written judgment in the matter. A hearing was subsequently held on Wife's motion on July 13, 2005. This was followed by an additional post-trial motion filed by Wife on August 5, 2005 to reopen the evidence. Yet another hearing was held on December 22, 2005. On March 31, 2006, the trial court entered its judgment and awarded custody "to the parties jointly" and designated Husband as "the residential custodian...." Wife was ordered to pay Husband "on the 1st day of each month hereinafter, the sum of $207.00 as and for child support ..." pursuant to Husband's Form 14.

Once again we are called upon to criticize the tardiness of a trial court in entering a judgment in a domestic relations case. This matter was filed in October 16, 2003, and was not resolved by the trial court until the entry of its judgment on March 31, 2006. While "valid reasons may exist for the delay, the record shows none in this case." *Poole v. Poole*, 977 S.W.2d 940, 943 n. 4 (Mo.App.1998). "Parties in a domestic relations case usually experience an anguish that should be put to rest promptly." *Id.* We further note "that a long delay in deciding a dissolution of marriage case does little to enhance public confidence in the judiciary.' " *Id.* (quoting *In re Marriage of Short*, 847 S.W.2d 158, 163 n. 3 (Mo.App.

*See In re Marriage of Swallows,* 172 S.W.3d 912, 914 (Mo.App.2005).

Wife's first point on appeal maintains the Judgment must be reversed because the trial court's award of custody and visitation was not supported by the evidence and the trial court erroneously applied the law to the facts of the case. In particular, Wife cites section 452.375.13 and *Cooley v. Cooley,* 99 S.W.3d 518, 520 (Mo.App.2003), for her contention that the "trial court was required to make a finding of whether domestic violence occurred, and if it found that domestic violence had occurred, it was required to make 'specific findings of fact' to show that the custody or visitation arrangement ordered by the court 'best protects the child and the parent or other household member who is the victim of domestic violence ... from any further harm.'"[3] Accordingly, Wife contends the trial court failed to make certain required statutory findings of fact in the Judgment as mandated by sections 452.375 and 452.400. She therefore asserts this Court should reverse the judgment and remand for further proceedings.[4] We agree.

In the Judgment the trial court provided, *inter alia,* that "custody of the minor child ... is awarded to the parties jointly, with [Husband] being the residen-tial custodian for school purposes." The parenting plan in the Judgment provided that Wife "shall have reasonable and liberal rights of visitation with the child" and set out a detailed schedule of time when Wife would exercise her right to visitation. Here, however, there was evidence in the record from a third party that Husband had reported that the parties had "been fighting a lot, been fighting for a while," and that "it got escalated, and [Husband] ended up pushing [Wife] to the floor and getting on top of her and yelling at her." Additionally, Husband testified that Wife had an "anger problem" which manifested itself by damage to a wall in the house. Likewise, an investigator working for the Jasper County Children's Division testified at a post-trial hearing that Wife related to her that the reason Wife "divorced [Husband] ... was because he was verbally and physically abusive to her." Also, there were at least three orders of protection filed by Wife, as best we discern. While the first two orders of protection were dismissed, the third order of protection was a "consent order" in which Husband "agreed to the order...." Yet, the trial court made no mention of any possible abuse involving the parties or their child. Section 452.375.2(6) provides that the trial

---

1993)); *see also In re Marriage of Bennett,* 938 S.W.2d 952, 954 n. 4 (Mo.App.1997); *In re Marriage of Betz,* 880 S.W.2d 618, 619 n. 1 (Mo.App.1994).

3. All statutory references are to RSMo 2000.

4. In Husband's responsive brief he appears to agree with Wife. His brief consists of a single point which sets out that:

> [Husband] concurs that technical deficiencies exist in the [trial] court's judgment of March 31, 2006 as to custody, visitation and child support and [Husband] respectfully requests that the judgment be reversed and remanded for additional evidence and findings consistent with [section] 452.340 ..., [section] 452.375 ..., [section] 452.400

... and this [C]ourt's decision in *Clary v. Orellana,* 168 S.W.3d 106 (Mo.App.2005). Hopefully, [Husband's] position will help foreshorten this case's protracted and torturous history and guard against multiple appeals.

We also note that at oral argument Husband joined with Wife in her request to have the matter remanded for further determinations and findings by the trial court. While it was his opinion that the trial court did consider the issue of alleged domestic abuse during the course of trial on June 4, 2004, he tacitly acknowledged the matter had to be remanded for the trial court's entry of findings relating to the issue of domestic abuse.

court shall consider the following factor when determining custody:

The mental and physical health of all individuals involved, including any history of abuse of any individuals involved. If the court finds that a pattern of domestic violence has occurred, and, if the court also finds that awarding custody to the abusive parent is in the best interest of the child, then the court shall enter written findings of fact and conclusions of law. Custody and visitation rights shall be ordered in a manner that best protects the child and the parent or other family or household member who is the victim of domestic violence from any further harm.

Additionally, section 452.375.13 provides:

If the court finds that domestic violence or abuse, as defined in sections 455.010 and 455.501 . . . has occurred, the court shall make specific findings of fact to show that the custody or visitation arrangement ordered by the court best protects the child and the parent or other family or household member who is the victim of domestic violence or abuse, as defined in sections 455.010 and 455.501 . . . from any further harm.

While section 452.375 does not define "domestic violence," we have recognized that the meaning of "domestic violence," for purposes of section 452.375.13, "may be gleaned from [section] 452.400." *Copeland v. Copeland,* 116 S.W.3d 726, 731 (Mo.App. 2003). " 'Section 452.400.1 states that in determining visitation rights, a court shall consider the parent's history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault on the other person.' " *Id.* However, because the rec-

ord at trial evidenced the occurrence of domestic violence between the parties, the trial court was required "to make a record to determine whether domestic violence occurred." *Mund v. Mund,* 7 S.W.3d 401, 404 (Mo. banc 1999). Clearly, the trial court never made a finding of fact as to whether domestic violence occurred. *Marquez v. Marquez,* 136 S.W.3d 574, 580 (Mo.App.2004). "Compliance with the requirements of subsections 452.375.2(6) and 452.375.13 is mandatory." *Dickerson v. Dickerson,* 55 S.W.3d 867, 872 (Mo.App. 2001). "If the record reflects evidence of domestic violence, the trial court must make written findings consistent with these statutory provisions." *Id.* In view of the statutory requirements previously set out, "it is not possible to presume that the trial court in this case made implicit findings in accordance with the result reached." *Mund,* 7 S.W.3d at 403.

"To summarize, the trial court on remand should enter findings of fact regarding whether domestic violence occurred, pursuant to sections [452.375.13] [5] and 452.400.1." *Id.* at 405. "Upon finding that any domestic violence occurred, the trial court must make the required further findings as specified in those sections." *Id.* "In addition, if the trial court finds that a pattern of domestic violence occurred and that awarding custody to an abusive parent is in the best interest of the child, then the trial court must also enter written findings of fact and conclusions of law pursuant to section [452.375.2(6) ]." [6]

· In her second point Wife maintains, *inter alia,* that the trial court erred in making a designation of "separate custody" and in designating Wife as "the non-

---

**5.** *Mund* made reference to section 452.375.12, which subsection was "amended and renumbered, section 452.375.13, RSMo Supp.1998." *Mund,* 7 S.W.3d at 402 n. 2.

**6.** "Th[is] section has been renumbered, section 452.375.2(6), RSMo Supp.1998." *Mund,* 7 S.W.3d at 405 n. 5.

primary custodian," where such designations do not comply with sections 452.375.1 [7] and 452.375.5.[8]

In the Judgment the trial court decreed that "custody of the minor child . . . is awarded to the parties jointly, with [Husband] being the residential custodian for school purposes. Visitation and separate custody is awarded pursuant to the . . . Parenting Plan." The Parenting Plan, Section III, Visitation, at paragraph "F," describes Wife as the "non primary custodian."

■ We observe that "[f]ailure to use proper nomenclature in describing the type of custody being awarded to a parent is confusing to litigants and impedes proper appellate review." *In re Marriage of* *Copeland*, 148 S.W.3d 327 n. 1 (Mo.App. 2004). As Wife maintains, there are no statutory designations for "separate custody" or "non-primary custodian" as set out by the trial court in the Judgment. Additionally, setting out a custody award to the "parties jointly" is at best ambiguous and confusing and is also not a disposition recognized by either section 452.375.1 or 452.375.5. *See Swallows*, 172 S.W.3d at 913 n. 1. The trial court's judgment does not comply with sections 452.375.1 and 452.375.5. Remand is necessary for the trial court to enter the statutorily appropriate nomenclature in describing the type of custody being awarded to the parents in this matter. *See Speer v. Colon*, 155 S.W.3d 60, 62 (Mo. banc 2005).[9]

**7.** Section 452.375.1 sets out in pertinent part:

As used in this chapter, unless the context clearly indicates otherwise:

(1) *"Custody," means joint legal custody, sole legal custody, joint physical custody or sole physical custody or any combination thereof;*

(2) *"Joint legal custody" means that the* parents share the decision-making rights, responsibilities, and authority relating to the health, education and welfare of the child, and, unless allocated, apportioned, or decreed, the parents shall confer with one another in the exercise of decision-making rights, responsibilities, and authority;

(3) *"Joint physical custody" means an or-* der awarding each of the parents significant, but not necessarily equal, periods of time during which a child resides with or is under the care and supervision of each of the parents. Joint physical custody shall be shared by the parents in such a way as to assure the child of frequent, continuing and meaningful contact with both parents;

(4) *"Third-party custody" means a third* party designated as a legal and physical custodian pursuant to subdivision (5) of subsection 5 of this section.

**8.** Section 452.375.5 states

Prior to awarding the appropriate custody arrangement in the best interest of the child, the court shall consider each of the following as follows:

(1) Joint physical and joint legal custody to both parents, which shall not be denied solely for the reason that one parent opposes a joint physical and joint legal custody award. The residence of one of the parents shall be designated as the address of the child for mailing and educational purposes;

(2) Joint physical custody with one party granted sole legal custody. The residence of one of the parents shall be designated as the address of the child for mailing and *educational purposes;*

(3) Joint legal custody with one party granted sole physical custody;

(4) Sole custody to either parent; or

(5) Third-party custody or visitation. . . .

**9.** In her second point relied on, Wife contends that while the trial court awarded custody to the parties "jointly," it failed to designate an address for the child for education and mailing purposes as required by section 452.375.5(1). While the trial court did designate Husband as the "residential custodian for school purposes," it did not expressly designate the address of one of the parties as the minor's address for mailing and educational purposes. Under similar circumstances a reviewing court remanded the matter for this specific purpose. *See Simon–Harris v. Harris,* 138 S.W.3d 170, 181 (Mo.App.2004). On remand for the purpose of complying with custody findings in conformity with subsections 452.375.1 and 452.375.5, the trial court will

We, therefore, reverse the trial court's judgment and remand the cause for the trial court to make the required findings of fact and conclusions of law, if appropriate, in compliance with the statutory sections previously set out.[10]

GARRISON, and LYNCH, JJ. concur.

---

be able to correct these asserted deficiencies. Additionally, the trial court is reminded that "findings are required by subsection 452.375.6 if the court must rule on any issue or sub-issue of custody that the parents do not agree upon." *Buchanan v. Buchanan,* 167 S.W.3d 698, 699 (Mo. banc 2005).

10. To the extent Wife requests this Court to order the trial court to hear additional evidence as to the child's best interests with regard to the parenting plan, child custody, calculation of child support and other issues such as the imposition of discovery sanctions, such matters are for the trial court " 'to decide, in the exercise of its discretion, whether to reopen the record and receive additional evidence on remand.' " *Tipton v. Joseph–Tipton,* 173 S.W.3d 692, 694 (Mo.App.2005) (quoting *In re Marriage of Hoff,* 134 S.W.3d 116, 118 (Mo.App.2004)). *See Speer,* 155 S.W.3d at 62 n. 10 (holding that "[o]n remand the parties will have the opportunity to revisit [other motions], and; consequently, this Court need not reach that issue at this time").