Michael L. MUND, Respondent,

v.

Erica L. MUND, Appellant.

No. 81631.

Supreme Court of Missouri,
En Banc.

Nov. 9, 1999.

Ronald E. Pedigo, Farmington, Phillip K. Gebhardt, Maryland Heights, for appellant.

Wendy Wexler Horn, Farmington, for respondent.

Nina Balsam, St. Louis, Jane Aiken, St. Louis, amicus curiae Mo. Coalition Against Domestic Violence.

V. Kenneth Rohrer, Farmington, guardian ad litem.

ANN K. COVINGTON, Judge.

Erica L. Mund, mother, appeals from the child custody provisions of a decree of dissolution of marriage in which the trial court awarded Michael L. Mund, father, primary custody of S.M., a five-year-old female child born of the marriage of mother and father. Mother raises three allegations of error on appeal. The Missouri Court of Appeals, Eastern District, granted mother's application to transfer the cause to this Court to decide the following question of general interest and importance: whether the trial court erred in failing to make findings of fact as required by sections 452.375.12 and 452.400.1, RSMo Supp.1997,[1] and findings of fact and conclusions of law as required by section 452.375.2(5). The judgment of the trial court is reversed, and the cause remanded.

Mother and father were married in 1993. S.M. was born in 1993. The parties separated in July 1995. In 1995, following a court order, which appears to have been entered in a section 455.513 proceeding, mother had custody of S.M. and father had temporary custody. When the period of the order expired, mother denied father temporary custody. Father filed a petition for dissolution of marriage on April 15, 1996. He requested that he and mother be awarded joint custody of S.M. Mother filed an answer and cross-petition for dissolution of marriage. The parties filed various motions, and the trial court conducted hearings on various matters throughout the pendency of the proceedings. Mother made allegations of father's

sexual abuse of S.M. Father made allegations of mother's mental instability. While the case was pending, mother refused father visitation with S.M.

The trial court ordered home studies for both parents. Father petitioned for appointment of a guardian ad litem. The court appointed a guardian ad litem. On March 2, 1998, the court entered the decree of dissolution of marriage in which it granted father primary custody of S.M. and awarded visitation rights to mother. Mother appealed. Additional facts necessary to the disposition of the case are included below in addressing the issues on appeal.

In mother's first point on appeal, she asserts that the trial court erred in failing to make specific findings of fact and conclusions of law that the child custody and visitation order awarding custody to father best protects the child and the victim of domestic violence.

Mother's initial argument relies on sections 452.375.12 and 452.400.1. Section 452.375.12 provided:[2]

12. *If the court finds that domestic violence has occurred, the court shall make specific findings of fact to show that the custody or visitation arrangement order by the court best protects the child and the parent or other family or household member who is the victim of domestic violence from any further harm.* (emphasis added).

Section 452.400 provided, in part:[3]

1. A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger the child's physical health or impair his emotional development.... In determining the granting of visitation rights, the court shall consider evidence of do-

1. All statutory citations are to RSMo Supp. 1997, unless otherwise indicated.

2. The section has since been amended and renumbered, section 452.375.13, RSMo Supp. 1998.

3. The section has since been amended, 452.400.1 RSMo Supp.1998.

mestic violence. *If the court finds that domestic violence has occurred, the court may find that granting visitation to the abusive party is in the best interests of the child.... The court shall consider the parent's history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault on other persons and shall grant visitation in a manner that best protects the child and the parent or other family or household member who is the victim of domestic violence from any further harm. The court shall make specific findings of fact to show that the visitation arrangements made by the court best protects the child or the parent or other family or household member who is the victim of domestic violence from any further harm.* (emphasis added).

■ If a trial court does not make explicit findings, the appellate court presumes that the trial court made implicit findings in accordance with the result reached. Rule 73.01(a)(3). The judgment of the trial court will be upheld unless no substantial evidence supports it or it is against the weight of the evidence. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Appellate courts have applied the substantial evidence standard in chapter 452 cases where the trial court has not made an explicit finding. *See, e.g., Courtney v. Courtney,* 959 S.W.2d 124, 125–26 (Mo.App.1998); *Reding v. Reding,* 836 S.W.2d 37, 42 (Mo.App.1992). The reviewing court defers to the trial court's determination of credibility and views the evidence and permissible inferences in the light most favorable to the decree. *Mehra v. Mehra,* 819 S.W.2d 351, 353 (Mo. banc 1991).

The evidence adduced upon direct and cross-examination reveals that the parties admitted to the occurrence of numerous physical altercations between them during

their relationship. Father admitted that, before the parties were married, he threw a tape roll at mother. During the two years after they married and before they separated, he "hit her probably four, maybe five times," twice causing bruises. Father conceded that he threatened to kill mother, although he testified that mother "knew better" than to assume he meant the threat. He testified that mother once slammed a fan against his hand, fracturing his thumb. Father also testified that an argument between the parties escalated when mother scratched father, tore his clothing, and pulled his hair. Father stated that mother drew a pistol and threatened to kill him. He admitted that, in what he called self-defense, he placed his hands around mother's neck and choked her. According to father, physical altercations between the two occurred so frequently that he was "used to it."

Mother also testified about the violent nature of the relationship. She admitted to causing physical injury to her husband. She admitted that she scratched father's face and ripped his clothing, claiming that she did so in self-defense. She testified to incidents in which father kicked her, strangled her, and beat her with closed fists and various other objects.

Mother also adduced evidence of sexual abuse of the child, which father denied.[4]

■ On the basis of the record, for purposes of sections 452.375.12 and 452.400.1, it is not possible to presume that the trial court in this case made implicit findings in accordance with the result reached. A finding that no domestic violence occurred would be against the weight of the evidence. The present case bears great similarity to *Gant v. Gant,* 892 S.W.2d 342 (Mo.App.1995). There the mother testified that the father threatened her life and physically abused her. *Id.* at 343. Father acknowledged and attempted to justify

---

4. Although sections 452.375 and 452.400 did not explicitly define the term "domestic violence," domestic violence includes not only physical but also sexual abuse of household or family members. *See In re Sisk,* 937 S.W.2d 727, 730–31 (Mo.App.1996).

most of the incidents. *Id.* at 343–44. The trial court did not explicitly find that domestic violence occurred. *Id.* at 342–43. The court of appeals found "substantial evidence in the record of domestic violence" and held that "[o]n these facts, we will not presume from the trial judge's silence that he found no domestic violence had occurred." *Id.* at 346. Distinguishing section 452.375.2(5), *see infra*, the *Gant* court held that, under section 452.375.11 (now .12), if the trial court finds "any domestic violence occurred, whether or not part of a pattern of domestic violence," then the trial court shall make specific findings of fact. *Id.*, 892 S.W.2d at 345–47. A finding of domestic violence requires the entry of findings of fact as to the basis of the decision on custody and visitation, irrespective of who is awarded primary custody. *See Carter v. Carter,* 940 S.W.2d 12, 16 (Mo.App.1997). On the facts of the present case, this Court cannot presume from the trial court's silence that it found that no domestic violence occurred.

Father asserts that this case is governed by *Kinder v. Kinder,* 922 S.W.2d 398 (Mo. App.1996). *Kinder* purports to address both sections 452.375.2(5) and 452.375.11 (now .12), but in effect addresses only the latter. *Kinder* distinguished *Gant* on the basis that the record in *Kinder* did not reflect "irrefuted evidence" of domestic violence conduct. In *Kinder,* wife claimed domestic violence. She admitted, however, that husband never touched her or physically hurt her, and there was no evidence of mother's fear of physical harm, although the parties disputed whether husband suffered from alcohol addiction and mental instability. The *Kinder* court held that the absence of any evidence of domestic violence relieved the trial court of the duty to make findings of whether domestic violence occurred.

*Kinder* is of no assistance to father. The record here is substantially different. Furthermore, irrefuted evidence is not the standard; the judgment will be set aside if it is against the weight of the evidence. *Murphy,* 536 S.W.2d at 32. To the extent that *Kinder* may be read to require a different standard, it should no longer be followed. Father's reliance on *Kinder* is misplaced.

■ Father claims that the record does not support a finding of domestic violence. The parties agree that section 452.400.1 gives definition, at least in part, to "domestic violence." Section 452.400 states in pertinent part that, in considering whether to grant visitation to a spouse found to have committed domestic violence, the court shall consider "the parent's history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault on other persons." Father assumes, without explanation, that "history" is synonymous with a pattern or disposition of violence, and that there is none in this case. The plain meaning of "history" indicates, however, that the trial court must consider any and all past instances of harm or attempted harm by either parent. *See Williams v. Williams,* 965 S.W.2d 451, 457–58 (Mo. App.1998). Father's contention is without merit.

■ Upon the evidence in this case, the trial court was required by sections 452.375.12 and 452.400.1 to make a record to determine whether domestic violence occurred. The case must be remanded for the trial court to enter a finding of whether domestic violence occurred as that term is used in sections 452.375.12 and 452.400.1. If the trial court finds that domestic violence occurred, it must make additional findings regarding the safety and welfare of the affected family and household members, irrespective of which parent is awarded primary custody or visitation.

The parties join issue, also under mother's first point, regarding whether the trial court erred in failing to make findings of fact and conclusions of law as required by

section 452.375.2(5),[5] which exists independent of sections 452.375.12 and 452.400.1. It applies only where the trial court finds that awarding custody to an abusive parent, in the setting of a pattern of domestic violence, is in the best interest of the child:

2. The court shall determine custody in accordance with the best interests of the child. The court shall consider all relevant factors including:

. . .

(5) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved. *If the court finds that a pattern of domestic violence has occurred, and if the court also finds that awarding custody to the abusive parent is in the best interest of the child, then the court shall enter written findings of fact and conclusions of law.* Custody and visitation rights shall be ordered in a manner that best protects the child and the parent or other family or household member who is the victim of domestic violence from any further harm . . . . (emphasis added).

Father claims that if the trial court were to disregard all of mother's testimony about physical violence during the marriage, and were to rely solely upon the testimony of father, as well as that of his witnesses, the evidence would not require findings and conclusions under section 452.375.2(5). In this regard father relies upon *Hamilton v. Hamilton*, 886 S.W.2d 711 (Mo.App.1994). *Hamilton* teaches that to show a pattern of domestic violence, it is necessary to show that incidents during a marriage are representative of typical behavior. *Hamilton*, 886 S.W.2d at 715. In *Hamilton*, two incidents in which husband assaulted wife during a twenty-year marriage did not constitute a "pattern of domestic violence" requiring the trial court to enter written findings of fact and conclusions of law in order to award joint custody of the child to the husband. *Id.*

*Hamilton* is distinguishable. Father's testimony alone in this case indicates several more than two incidents of physical abuse, and in a much shorter span of time. On remand, if the trial court finds a pattern of domestic violence has occurred and that awarding custody to the abusive parent is in the best interest of the child, then the trial court must explain the basis of the custody award, considering all of the applicable factors, by entering findings of fact and conclusions of law.

To summarize, the trial court on remand should enter findings of fact regarding whether domestic violence occurred, pursuant to sections 452.375.12 and 452.400.1. Upon finding that any domestic violence occurred, the trial court must make the required further findings as specified in those sections. In addition, if the trial court finds that a pattern of domestic violence occurred and that awarding custody to an abusive parent is in the best interest of the child, then the trial court must also enter written findings of fact and conclusions of law pursuant to section 452.375.2(5).

In her second point on appeal, mother contends that the trial court erred in awarding primary custody to father, as against the weight of the evidence and as an abuse of discretion. Because this case must be reversed and remanded so that the trial court can enter findings pursuant to sections 452.375.12 and 452.400.1 and, if necessary, findings and conclusions pursuant to section 452.375.2(5), disposition of mother's second point relied on in this appeal would be premature.

In her final point relied on, mother asserts that the trial court erred in awarding primary custody to father for the reason that the guardian ad litem failed to protect the best interest of the child and failed to comply with section 452.423. Mother suggests that the guardian ad litem did not perform his statutory duties when he failed to introduce into evidence the "SAFE" examination of the minor child,

---

**5.** The section has been renumbered, section 452.375.2(6), RSMo Supp.1998.

S.M., an examination related to sexual abuse issues, and that the trial court erred in awarding primary custody to father in the absence of this evidence.

Mother's claim of error does not constitute an appealable claim. *See Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978). Alleged inaction of a guardian ad litem, if any, is not tantamount to a claim of trial court error. For the purpose of judicial economy, however, the Court will gratuitously review the contention.

Section 452.423 delineates the duties of a guardian ad litem. The guardian ad litem is the legal representative of the child at the hearing and may examine, cross-examine, subpoena witnesses, and offer testimony. Section 452.423(1). Prior to the hearing, the guardian ad litem is required to "conduct all necessary interviews with persons having contact with or knowledge of the child in order to ascertain the child's wishes, feelings, attachments and attitudes." Section 452.423(2). If appropriate, the guardian ad litem should interview the child. *Id.*

The record reflects that the guardian ad litem actively participated in the custody proceeding. He interviewed the child. He fully participated at trial, calling his own witness and engaging in active questioning of other witnesses. He participated in a deposition of the psychologist who concluded that the SAFE examination did not suggest a finding that father is a perpetrator of any sexual abuse. Section 452.423 authorizes the guardian ad litem to offer evidence but does not require the guardian ad litem to do so. It is appropriate for the guardian ad litem to exercise independent judgment about what evidence should or should not be offered relative to the guardian's role in acting as the legal representative of the child. Furthermore, the fact that mother was able to offer the SAFE examination results into evidence, but did not, does not assist her in her allegation of guardian ad litem error. The point is without merit.

The judgment of the trial court is reversed and the cause remanded for redetermination of custody and entry of any findings and conclusions consistent therewith.

All concur.