Helen Cynarra MADISON, Appellant,

v.

Tony E. MADISON, Respondent.

No. ED 76816.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 26, 2000.

Kayla Vaughan, St. Louis, for appellant.

Before CLIFFORD H. AHRENS, P.J., WILLIAM H. CRANDALL Jr., J., and JAMES R. DOWD, J.

PER CURIAM.

Helen Cynarra Madison ("mother") appeals from the judgment in her action for dissolution of marriage. The trial court dissolved the marriage and awarded mother legal and physical custody of the minor children. The trial court granted Tony Madison ("father") visitation of the two minor children born during the marriage based on a progressive schedule starting with limited periods of unsupervised visitation and advancing to overnight and weekend unsupervised visits. On appeal, mother contends that the trial court erred in failing to make findings of fact that the visitation plan best protects the children from the alleged domestic violence and in awarding unsupervised visitation. We affirm in part, and reverse and remand in part.

Mother and father were married on May 6, 1981. Father and mother have three children, Cynarra, born prior to the marriage, and Eleni and Denali born during the marriage. In 1997, the couple separated and mother received an order of protection against father. Mother and the children moved from South Carolina to St. Louis where mother then filed her petition for dissolution on August 12, 1998.

Mother testified at trial that during the marriage father abused her. She referenced multiple incidents including a time when father hit her, shook her, and locked her out of the house in the rain. Mother testified concerning a time after the separation when she and her children were living with her sister, and father arrived at the apartment uninvited. He banged on the door demanding to see his children. Mother called the police after father stated he was not leaving until the police came because he wanted his visit to be recorded.

During trial, mother alleged that father drank excessively. Father denied that he was an alcoholic and testified that mother also drank with him. Mother and father also gave conflicting testimony concerning counseling the couple attended.

Father testified at trial that he slapped his daughter Cynarra after she cursed at him. After he slapped Cynarra, she ran to the kitchen and pulled a butter knife on father. During the struggle to get the knife away from her, father "popped" Cynarra in the mouth while the two other children were in the room. Father pled guilty to assault with the explanation that he slapped his daughter for disciplinary reasons.

After this incident, an order of protection was issued for all three children and father was allowed only supervised visitation through Heritage House with the younger two children. At trial, Barbara Flory, project coordinator for Heritage House, testified that during the course of the supervised visits the children became more open with their father. Father also testified that he learned more appropriate forms of discipline.

On July 14, 1999, the trial court entered its judgment of dissolution of marriage. The trial court found it was in the best interest of the children that mother be granted sole legal and primary custody of the children. Due to her age and the

evidence of assault, the trial court granted father visitation with Cynarra only at her request and initiation. In addition, the trial court granted father visitation with Eleni and Denali on six Saturdays in the eight-week period immediately following the entry of the decree, for four hours each. After this period of visitation, father would receive overnight visitation every other Saturday for twelve visits. If the Saturday visits were successful, visitation would increase to every other weekend from Friday evening through Sunday evening. Beginning in the summer of 2000, father would have fourteen unbroken days with the minor children. The parents were to alternate visitation on holidays. Mother and father were to participate in counseling to effectuate the order of custody and visitation. On appeal, mother challenges this visitation plan.

■ We will uphold the judgment of the trial court unless it is not supported by substantial evidence, is against the weight of the evidence, or misstates or misapplies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ In points one and three, mother argues that the trial court erred in awarding unsupervised visitation to the father without making findings of fact and conclusions of law as to the best interests of the children after finding domestic violence occurred. Mother contends that the trial court is required by section 452.375.13 RSMo (Supp.1998)[1] and section 452.400.1 to make findings of fact as to why visitation is in the best interest of the children where domestic violence has occurred. Mother relies on *Mund v. Mund*, 7 S.W.3d 401, 403 (Mo. banc 1999). "In *Mund*, the Supreme Court of Missouri remanded the case to the trial court to enter a finding as to whether domestic violence occurred as that term was defined in [sections 452.375.12 and 452.400.1 RSMo (Supp. 1997)], and if so, to make additional findings regarding the safety and welfare of

the affected family and household members." *Winslow v. Winslow*, 14 S.W.3d 690, 694 (Mo.App.2000).

*Mund* is inapplicable in the present case because section 452.400.1 was amended in 1998 to require specific findings of fact to show that the visitation arrangements made by the court best protects the child only "if requested by a party." *Id.* Here, there was no request for specific findings of fact on this issue. Point denied.

■ In her second point on appeal, mother contends that the trial court erred in failing to find that domestic violence occurred between mother and father. Mother asserts that such a finding is required by sections 452.375 and 452.400 RSMo. It is true that section 452.375.2(6) mandates written findings of fact and conclusions of law where the court finds a pattern of domestic violence has occurred, if the court also finds that awarding custody to the abusive parent is in the best interests of the child. Here the court did not award custody of the children to the alleged abusive parent. Thus the "findings" requirement of section 452.375.2 is inapplicable. Although section 452.375.13 does refer to a custody or visitation arrangement, section 452.400 specifically governs visitation rights and is applicable here. As previously discussed, the requirement of section 452.400 for specific findings as to visitation arrangements where there has been domestic violence was amended in 1998 to apply when "requested by a party." Here, no request for findings of fact or conclusions of law was made. The trial court did not erroneously apply the law. Point denied.

■ In her final point on appeal, mother claims that the trial court erred in failing to restrict father's visitation with the two younger children to supervised visits, because allowing unsupervised visitation is not supported by substantial evidence. We agree.

1. All statutory references are to RSMo (Supp. 1998) unless otherwise indicated.

The evidence supports the need for a supervised visitation plan. It is unclear from the guardian ad litem's testimony during trial as to what form of visitation was recommended. At the conclusion of the trial, during cross-examination of husband, the guardian ad litem proposed a visitation plan. When the guardian ad litem first stated that the plan started with unsupervised visitation, the court inquired if she said "starting with unsupervised" and the guardian ad litem responded, "No. Starting with some supervised – to unsupervised day and then some overnight." Contrary to the statements of the guardian ad litem to the court, the written plan begins with what it describes as "unsupervised" visitation. This conflicts with the specific representation which the guardian ad litem made to the court that the plan was to begin with supervised visitation. The plan also recognized the "need to reestablish on-going contact between Father and the minor children," and was to be "supervised" by Domestic Relations Services.

Additionally, although father previously cooperated with the 1998 order of protection and progressed with the children in supervised visits through Heritage House, those supervised visits ended in December 1998. The record does not reflect what visitation has occurred since then. There is evidence in the record that the two younger children may still be fearful of father and the children were exposed to domestic violence by father.[2] We also recognize the "need to reestablish on-going contact between Father and the minor children" and remand for the trial court to fashion a visitation plan with the requirement of a successful period of supervised visitation prior to progressing to unsupervised visitation. In all other respects, we affirm the judgment and decree of dissolution.

The judgment of the trial court is affirmed in part, and reversed in part, and remanded for further proceedings consistent with this opinion.

---

**2.** We also note that father has acknowledged that he made threatening comments directed toward the trial judge and mother's attorney.