**Joseph BELCHER, Respondent,**

v.

**Marcia BELCHER, Appellant.**

**No. WD 61629.**

Missouri Court of Appeals, Western District.

June 17, 2003.

---

Patrick E. White, Kansas City, MO, for Appellant.

Allen S. Russell, Kansas City, MO, for Respondent.

Before HARDWICK, P.J., BRECKENRIDGE and SPINDEN, JJ.

LISA WHITE HARDWICK, Judge.

Marcia Lynn Belcher appeals from the trial court's determination of child custody and division of marital property in the dissolution of her marriage to Joseph Belcher. We reverse and remand for further findings and orders.

## Factual and Procedural History

Joseph (Husband) and Marcia (Wife) Belcher were married on June 15, 1991. Six children were born during the mar-

riage. Husband filed a Petition for Dissolution of Marriage on December 8, 1999. The parties submitted separate parenting plans, each seeking joint legal custody and primary physical custody of the children.

Following trial, the circuit court awarded the parties joint legal and physical custody of the children. The court drafted its own parenting plan which designated Husband as the primary physical custodian. In dividing the marital property, the court awarded Wife one-half of Husband's 401(k) plan valued at $25,195.80.

On appeal, Wife contends the court erroneously applied the law in failing to: 1) make statutory findings in support of its parenting plan; 2) make statutory findings regarding domestic abuse; and 3) characterize and account for a loan debt which reduced the value of the 401(k) plan proceeds.

## Standard of Review

In this court-tried case, we will not disturb the ruling of the trial court unless there is no substantial evidence to support the decision, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## Parenting Plan

Wife contends the trial court erroneously applied the law in adopting its own parenting plan without making the written findings required by Section 452.375.6, RSMo 2000.[1] The statute provides:

If the parties have not agreed to a custodial arrangement, or the court determines such arrangement is not in the best interests of the child, the court shall include a written finding in the judgment or order based on the public

---

1. All statutory references are to Revised Statutes of Missouri 2000, unless otherwise noted.

policy in subsection 4 of this section and each of the factors listed in subdivisions (1) to (8) of subsection 2 of the section detailing the specific relevant factors that made a particular arrangement in the best interest of the child. If a proposed custodial arrangement is rejected by the court, the court shall include a written finding in the judgment or order detailing the specific relevant factors resulting in the rejection of such arrangement.

§ 452.375.6.

Husband and Wife could not agree on a custodial arrangement and, therefore, submitted separate parenting plans. The trial court rejected both proposals and ordered its own parenting plan. However, the court's judgment does not identify or address any of the eight factors, referenced in Section 452.375.2(1–8), which resulted in rejection of the plans submitted by Husband and Wife. Nor does the judgment address the public policy considerations in Section 452.375.4. Failure to comply with these statutory requirements renders the judgment legally deficient. See *Haden v. Riou*, 37 S.W.3d 854, 866–67 (Mo.App. W.D.2001). We reverse and remand the custody determination for additional findings consistent with Section 452.375.6.

### Domestic Abuse

■ In her second point on appeal, Wife contends the trial court erred in failing to make findings regarding domestic violence as required by Section 452.375.2(6) and Section 452.375.13. These statutory provisions set forth the procedures trial courts must follow in making child custody determinations. Section 452.375.2 provides in relevant part:

The court shall determine custody in accordance with the best interests of the child. The court shall consider all relevant factors including: . . .

(6) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved. *If the court finds that a pattern of domestic violence has occurred, and, if the court also finds that awarding custody to the abusive parent is in the best interest of the child, then the court shall enter written findings of fact and conclusions of law.*

[emphasis added] Upon a finding that domestic violence or abuse occurred, Section 452.375.13 also requires the trial court to "make specific findings of fact to show that the custody . . . arrangement ordered by the court best protects the child" or other family members from further harm.

■ Compliance with the requirements of subsections 452.375.2(6) and 452.375.13 is mandatory. *Dickerson v. Dickerson*, 55 S.W.3d 867, 872 (Mo.App.W.D.2001). If the record reflects evidence of domestic violence, the trial court must make written findings consistent with these statutory provisions. *Id.* The non-discretionary nature of these provisions reflects the legislature's concern with the problem of domestic violence, and its resolve that the trial court should consider the existence and history of such violence in making its determination of child custody and visitation. *Id.*

The record in this case reflects evidence of domestic violence. Wife testified at trial that Husband physically abused her during the marriage. Wife described multiple incidents when Husband picked her up by the throat and slammed her to the ground, shoved her while she stood on the steps of their home, pushed her down the steps, and tried to open the door of his moving truck and push her out. Husband acknowledged that he choked Wife on one occasion during the marriage.

Despite this evidence, the circuit court's judgment did not make any findings regarding the incidents of domestic abuse. Generally, in the absence of explicit findings, we presume the court found the evidence in accordance with the judgment reached. Rule 73.01(c). In this case, however, a finding that no domestic violence occurred would be against the weight of the evidence, particularly in light of Husband's admission to the choking incident. *See Mund v. Mund,* 7 S.W.3d 401, 403 (Mo. banc 1999). This violent act was sufficient to invoke Section 475.375.13, which mandates specific findings to support the custody determination if "any domestic violence occurred whether or not it is a pattern of conduct." *Dickerson,* 55 S.W.3d at 872.

While we have no doubt the trial court considered the factors outlined in the statute and determined custody in the child's best interest, the court erred in failing to make specific findings in this regard. The custody determination is reversed and remanded to the trial court for written findings as required by section 452.375.2(6) and section 452.375.13.

## Property Division

 Wife contends the trial court erroneously applied the law in dividing the marital property because it failed to characterize and allocate responsibility for a debt against Husband's 401(k) account. The undisputed testimony at trial established that Husband's 401(k) account was valued at $25,195.80 with a corresponding loan debt of $11,447.43. The court determined the 401(k) account was marital property and ordered that it be divided equally between the parties. The court made no specific findings or conclusions regarding the character (marital or nonmarital) and allocation of the debt against the 401(k) plan. As a result, Wife argues

it is unclear whether the loan should be applied as a marital debt set-off against the entire 401(k) account balance or as a non-marital debt set-off against the portion of the account awarded to Husband, who incurred the loan.

Section 452.330.1 governs the disposition of property in marital dissolution proceedings. It requires the trial court to "divide the property and marital debts in such proportions as the court deems just after considering all relevant factors." § 452.330.1. The court's judgment failed to comply with this requirement by omitting any reference to the loan debt which directly affected the value of the 401(k) account. Accordingly, the judgment of property division is reversed and remanded to the trial court with instructions to characterize and allocate the debt as required by section 452.330.1.

## Conclusion

The judgment of the trial court is reversed with regard to the custody determination and property division and is remanded for further findings and orders consistent with this opinion.

All concur.