**Mark Q. CERUTTI, Appellant,**

v.

**Theresa M. CERUTTI, Respondent.**

**No. WD 64253.**

Missouri Court of Appeals,
Western District.

Aug. 2, 2005.

Daniel E. Hunt, Jefferson City, MO, for appellant.

Lewis Z. Bridges, Lake Ozark, MO, for respondent.

Before NEWTON, P.J., LOWENSTEIN and BRECKENRIDGE, JJ.

PATRICIA BRECKENRIDGE, Judge.

Mark Q. Cerutti ("Father") appeals from the judgment dissolving his marriage to Theresa M. Cerutti ("Mother"). The judgment included an award of joint legal custody to their minor child and an award of physical custody to Mother, with reasonable visitation to Father. On appeal, Father raises two claims of error concerning the custody orders. In his first point, Father asserts the trial court erred in its award to Mother of physical custody because there was insufficient evidence that this custody order was in the child's best interest. In his second point, Father claims the trial court erred in failing to make written findings detailing the specific statutory factors relevant to its determination that its physical custody arrangement was in the best interest of the parties' child, as required by section 452.375.6, RSMo Cum.Supp.2004.[1] Section 452.375.6 requires the trial court to make written findings detailing the specific relevant factors supporting its custody award, which the trial court failed to do. The judgment is reversed and remanded for the trial court to make the mandatory written findings and take whatever other action is appropriate.

## Factual and Procedural Background

Father and Mother were married on July 3, 1981, in Farmington. The parties adopted one child during their marriage, MacKenzie, born December 26, 1994. On May 10, 2002, Father filed a petition for the dissolution of his marriage to Mother. In his petition, Father asked for sole physical custody of MacKenzie, with Mother being awarded reasonable visitation. In her answer, Mother denied that an award of sole custody to Father was in the best interest of MacKenzie. Additionally, both parents filed proposed parenting plans, each giving the filing party sole physical custody of MacKenzie.

At trial, the issue of physical custody of MacKenzie was contested. At the conclusion of the trial, the court awarded physical custody to Mother, with reasonable visitation by Father, and adopted Mother's amended parenting plan.[2] The trial court found in its judgment that "[r]espondent is the proper person to have the custody and control of said minor child, subject to Petitioner's reasonable rights of visitation as specifically set forth in the Parenting Plan...." The court made no other findings on the issue of child custody.

Father appeals.

## Standard of Review

■ The standard of review in this case is established by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Doynov v. Doynov*, 149 S.W.3d 917, 922 (Mo.App. 2004). "This court will affirm the trial court's judgment unless there is no sub-

---

1. All statutory references are to the 2004 Cumulative Supplement to the Revised Statutes of Missouri 2000, unless otherwise indicated.

2. The judgment awards Mother "physical custody" of MacKenzie, with reasonable visitation to Father. It is clear from the court's order that it intended to order sole physical custody to Mother. That term will be utilized when referring to the court's order. Mother's amended parenting plan, however, which the trial court adopted and incorporated into its judgment, refers to Mother as the "primary physical custodian." "Primary physical custodian" does not describe a custodial arrangement authorized under law. *Loumiet v. Loumiet*, 103 S.W.3d 332, 336–38 (Mo.App. 2003) (noting that section 452.375.1(1), RSMo 2000, does not provide for "primary physical custody" or a "primary physical custodian").

stantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Id.*

## Judgment Lacks Mandatory Findings

■ On appeal, Father raises two claims of trial court error. In his first point, he claims that the trial court erred in its award of custody because there is no substantial evidence to support the award of sole physical custody to Mother as being in Mackenzie's best interest. In his second point, he asserts that the trial court erred because the court failed to make the written findings required by section 452.375.6. As Father's second point is dispositive, only that point will be addressed.

■ When awarding child custody, the court must determine the best interests of the child. In making its determination of best interest, section 452.375 requires that the court consider the public policy stated in section 452.375.4 and the eight statutory factors included in section 452.375.2. *Speer v. Colon,* 155 S.W.3d 60, 61 (Mo. banc 2005); *Belcher v. Belcher,* 106 S.W.3d 601, 603 (Mo.App.2003). Section 452.375 further requires in subsection 6 that, when child custody is contested, written findings be made in the judgment based on the public policy and the eight factors. Section 452.375.6 reads, in relevant part:

If the parties have not agreed to a custodial arrangement, . . . the court shall include a written finding in the judgment or order based on the public policy in subsection 4 of this section and each of the factors listed in subdivisions (1) to (8) of subsection 2 of this section detailing the specific relevant factors that made a particular arrangement in the best interest of the child.

Section 452.375.6 does not require written findings for all eight statutory factors, but it does require written findings of all *relevant* factors be included in the opinion. *Speer,* 155 S.W.3d at 62 (emphasis added).

In this case, although the parties had not agreed to a custodial arrangement, the only finding in the judgment regarding child custody is that Mother is the proper person to have custody and control of the minor child. The trial court did not address the public policy in section 452.375.4 or any of the eight factors in section 452.375.2(1)-(8). Under the statute, written findings are mandatory.[3] Section 452.375.6. Because the trial court failed to comply with the statutory requirements, the judgment is legally deficient. *Belcher,* 106 S.W.3d at 603.

The trial court's judgment is reversed with regard to its custody determination, and the cause is remanded to the trial court so that it can make the required written findings in compliance with section 452.375 and take whatever other action is appropriate. On remand, the court shall also enter a modified parenting plan, in conformity with section 452.375.1, because

---

**3.** A change in Rule 78.07(c), effective January 1, 2005, requires that "[i]n all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." Although this rule was not yet in effect, Father filed a Motion for New Trial and Motion to Reopen on February 27, 2004. In his motion, Father stated, among other concerns, that the court's judgment does not comply with sec-

tion 452.375 in that if failed to include the required written findings indicating how the custody arrangement is in the child's best interests. The trial court held an oral hearing on April 15, 2004, and requested that Mother provide an amended judgment for the court's consideration. The court took the matter under advisement until receipt of the amended judgment. No amended judgment was filed within ninety days following the filing of Father's motion, so Father filed this appeal.

Missouri's statutory scheme does not allow for an order appointing a "primary physical custodian." *Speer*, 155 S.W.3d at 62. Additionally, the court's modified parenting plan shall not include the statement that its custody arrangement "approach[es] joint physical custody," if this language is inconsistent with the custody provisions of the judgment.

All concur.