Naomi PATTERSON, Respondent,

v.

**Josiah PATTERSON Appellant.**

No. WD 66409.

Missouri Court of Appeals,
Western District.

Jan. 23, 2007.

Brian C. Greer, Kansas City, for Appellant.

Heather Renee Roach, Kansas City, for Respondent.

PAUL M. SPINDEN, Judge.

Josiah Patterson appeals the circuit court's judgment to modify its decree dissolving his marriage to Naomi Robinson by granting Robinson sole legal and physical custody of the couple's two children. Patterson had asked the circuit court to modify its order that the couple have joint legal and physical custody of their children by designating his address as the children's address "for educational and mailing purposes." In this appeal, Patterson complains that substantial and competent evidence did not support the circuit court's order. We affirm the circuit court's judgment in part and reverse and remand in part.

■ Concerning custody of the couple's children, Patterson avers that the evidence did not support the circuit court's granting sole legal and physical custody to either party and that doing so was not in the children's best interests.[1] Patterson asserts, "Other than child support, the trial court made no finding of any additional conduct" by him that supported the circuit court's ordering that Robinson have sole legal and physical custody.

Our review of a circuit court's judgment is limited to determining whether or not substantial evidence supported the judgment. *Mund v. Mund,* 7 S.W.3d 401, 403 (Mo. banc 1999). Because the circuit court had a better opportunity to determine witnesses' credibility and to weigh the evidence, we defer to it concerning these matters. We view the evidence in the light most favorable to the circuit court's determination. *Id.*

Section 452.375.2, RSMo 2000, sets out a list of factors that the circuit court must consider in determining a child's best interests in custody cases. The circuit court made findings of fact concerning each of these factors. It decided that all but two of the factors favored Robinson's having custody of the children and that the remaining two factors favored neither party. In ordering that Robinson have sole physical and legal custody of the children, the circuit court found that communication between Patterson and Robinson since their dissolution had been poor, at least partially because of Patterson's threats and angry outbursts. It found that Patterson threatened to kill Robinson's husband and their first baby if she remarried and that Patterson had told their six-year-old daughter that Robinson was "a whore." It found that Robinson was afraid of Patterson and that, because of Patterson's conduct, joint decision-making with him concerning the children was impossible.

These facts sufficiently supported the circuit court's decision concerning custody of the children. Patterson's contention that the evidence did not support either party's having sole custody is wrong. We discern no merit to Patterson's point.[2]

---

**1.** Patterson does not contend that the circuit court erred in determining that a substantial and continuing change has occurred in the circumstances of the children. *See Hamer v. Nicholas,* 186 S.W.3d 884, 886–887 (Mo.App. 2006).

**2.** Patterson also argues that the circuit court did not have the power to order that Robinson have sole custody because neither party requested sole custody, but he did not include this in his point relied on. Under Rule 84.04(e), our review is "limited to those er-

Patterson next argues that the circuit court erred in denying his motion to modify custody because "the evidence elicited at trial showed it was in the best interest of the minor children to be placed in the joint physical and joint legal custody of [Patterson] and [Robinson]." In defending this assertion, Patterson contends that the evidence established that Robinson did not provide to him a valid telephone number for calling the children when she took them to Oklahoma on a vacation trip, did not inform him for over a month that she had moved, did not allow him his three summer months custody of the children, and did not provide to him the children's medical records. Patterson argues that these allegations described a substantial and continuing change in circumstances that warranted his receiving joint legal and physical custody of the children. Not only would such evidence belie his contention that the parties should have joint physical and legal custody of the children, the circuit court did not find these facts to be true. We deny this point for the same reason that we denied Patterson's first point.

■ Patterson is correct in his next assertion that the circuit court erred in calculating the amount of his child support arrearage. The circuit court found that Patterson had paid only $1272 in child support. The record indicates Patterson gave Robinson money orders totaling $1697; hence, the circuit court's finding that Patterson paid only $1272 was against the weight of the evidence. The amount of his child support arrearage was $6783. We remand so the circuit court can enter the correct amount.

rors included in the 'Points Relied On.'" Patterson, therefore, did not preserve this argu-

RONALD R. HOLLIGER, Presiding Judge, and LISA WHITE HARDWICK, Judge, concur.